**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

ATLANTIC BASIN REFINING, INC.,

                        Plaintiff,

        v.

ARCLIGHT CAPITAL PARTNERS, LLC and
JP ENERGY PARTNERS, LP,

                    Defendants.

Case No. 15 Civ. 0071 (WAL) (EAH)

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Rather than comply with the Court's October 18, 2022 Order (ECF No. 332) requiring Plaintiff Atlantic Basin Refining, Inc. ("ABR") to engage in documentary, written, and testimonial discovery, ABR has changed its damages position for the fourth time. According to ABR, it has reverted to a damages theory based on the value of the Hovensa acquisition, which the Court has already determined is not legally viable in its prior decisions limiting ABR's damages to "the value of the Confidential Information—not the value of the Hovensa acquisition" (ECF No. 260 n.3.). ABR admits as much. ECF No. 334 at 3 (ABR conceding that that "the Court should grant [] a motion" to "dismiss the balance of the claims."). ABR's admission that it cannot show damages should end this case because ABR no longer has any good faith basis to maintain its claims.

Rather than seek voluntary dismissal by way of a party stipulation, ABR instead asks the Court to reconsider its October 18, 2022 Order based on purported "new evidence." ECF No. 334 at 1. But there is no "new evidence" for the Court consider. ABR's latest supplements to its written discovery (ECF Nos. 334-1, 334-2) contain no new evidence, but merely a change in strategy. Moreover, while ABR claims to have rescinded the damages position on which the Court's October 18, 2022 Order was based and to have completely reverted to its 2018 position, in fact, ABR continues to rely on new support first presented in its now-withdrawn 2022 expert report.[1] ABR should not be allowed to avoid Court-ordered discovery where its new discovery responses (again served without leave of Court and with no showing of good cause) rely *on the same evidence* presented with ABR's withdrawn expert report.

---

[1] For example, ABR continues to rely on its production of ABRE_2 0001 to ABRE_2 00048 produced with the now-withdrawn April 14, 2022 Lerman Report as evidence, (ECF No. 334-2 at 3), but none of that evidence appears in the June 17, 2018 Expert Report of Donald R. House. ABR cannot have it both ways.

ABR's strategic moves do not provide a proper basis for reconsideration under LRCi 7.3(a)).  Its motion should be denied.

## I.    BACKGROUND

ABR has presented four different damages positions in this case.  First, in 2018, ABR served the June 17, 2018 Expert Report of Donald House, Ph.D.  ECF No. 210-1.   Dr. House opined that ABR was entitled to nearly $3 billion in economic damages based a theory that ABR was entitled to lost profits equal to ABR having a 50% ownership stake in the Hovensa Terminal and a 100% stake in the Hovensa Refinery.  ECF No. 210-1 at 38 (Table 15).  But the day before ABR served the House Report, the Court dismissed with prejudice claims I, III, V, and VII of ABR's first amended complaint (ECF Nos. 216, 217 at 52), which limited ABR's potential damages to the value of is allegedly misappropriated confidential information  (ECF Nos. 259, 260 at 9 n.3 ("Plaintiff may only seek the value of the Confidential Information—not the value of the Hovensa acquisition."),

ABR then presented its second damages opinion in the April 14, 2022 Expert Report of David B. Lerman ("Lerman Report"), in which ABR sought $12 million in damages based on the hypothetical cost to Defendants to independently create the confidential information at issue.  Mr. Lerman reached the $12 million figure by calculating time spent developing the confidential information by ABR's principals John Thomas and Robert Moore and then applying the "average annual compensation" of comparable executives to the calculated time.  In connection with the Lerman Report, ABR created and produced documents related to its principals' "effort [] put into developing" "plans for the acquisition and startup of the HOVENA terminal and refinery." ECF. No. 276 at 1.  Those documents were produced as ABRE_2 0001 to ABRE_2 00048, and the parties agreed—and the Court ordered—that such newly-created documents would be the subject of "new depositions of Plaintiff, Jack Thomas, and/or Robert Moore." *Id*.

Suddenly, on September 26, 2022, ABR withdrew the Lerman Report (ECF No. 322), and seven days later pivoted to its third damages position in the case: seeking up to $18 million based on lay witness testimony from Messrs. Thomas and Moore regarding the compensation they believe they are due for creating the confidential information at issue, based on their prior work experience and compensation.

On October 18, 2022, the Court issued an Order requiring ABR to provide discovery related to its October 4, 2022 amended computation of damages.  ECF No. 332.  While the Court specified a procedure for objecting to its ordered discovery, which it required by October 21, 2022, ABR opted not to raise any objection.  *Id.* at 8.  But, on November 1, 2022, to escape compliance with the Court's Order, ABR filed the instant motion for reconsideration "on the grounds that there is new evidence that changes the basis for the Court's ruling."  ECF no. 334 at 1.  As "new evidence," ABR points to its amended damages disclosures served contemporaneously with its reconsideration motion (ECF Nos. 334-1, 334-2), through which ABR is seeking to advance a fourth damages position: reverting to the position presented in the 2018 House Report, ***but additionally*** relying on the documents created and produced with the Lerman Report from earlier this year (ABRE_2 0001-00048).  ECF No. 334; ECF No. 334-2 at 3 (ABR's Second Amended Responses to Arclight's Interrogatories 11 and 17).[2]

---

[2] In its Motion, ABR mischaracterizes the new disclosures and their reliance on newly-produced information, claiming that its amended damages disclosures "return to relying solely upon its original damages model and will not be relying on the testimony of Robert Moore or Jack Thomas to establish the value of their services for purposes of arriving at a valuation of the confidential information that defendants purloined from ABR."  ECF No. 334 at 1.  ABR does not address its continued reliance on the documents created for production with the Lerman Report (ABRE_2 0001-00048), on which the Court had previously ordered further discovery (ECF No. 276 at 1).

According to ABR, its revised damages disclosures effectively render the Court's October 18 Order moot:

> The withdrawal of ABR's newest damages model moots the need for any further discovery and sets up a likely motion for defendants to dismiss the balance of the claim based upon the Court's earlier rulings. So be it. ***ABR will acknowledge that based upon the Court's earlier rulings on the motions to dismiss, the Court should grant such a motion.***

ECF No. 334 at 3 (emphasis added). Moreover, ABR concedes that it is no longer pursuing a viable damages case before this Court for the pending claims. *Id.*

## II.    LEGAL STANDARD

A motion for reconsideration is an "'extraordinary' remedy." *Greene v. Virgin Island Water & Power Auth.*, No. 1:06-cv-11, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985) (citing *Keene Corp. v. Int'l Fidelity Insurance Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1983). Motions for reconsideration "cannot be used to introduce for the first time evidence that was previously available, thus giving the party seeking to present such evidence a second bite at the apple." *Mala v. Jimenez*, No. 3:12-cv-75, 2022 WL 3042245, at *4 (D.V.I. Aug. 2, 2022) (quoting *Greene*, 2012 WL 4755061, at *2). In other words, to rely on new evidence, that evidence must be "newly discovered," and cannot be "arguments and/or evidence that could have been presented before." *Mala*, 2022 WL 3042245, at *5; *Prusky v. Prudential Ins. Co. of Am.*, 44 F.App'x 545, 548 n.1 (3rd Cir. 2002) (a motion for reconsideration is "not to allow a party to 'simply change[] theories and [try] again, thus giving them a second bite a the apple" (internal citation and quotation marks omitted)).

### III.    ARGUMENT

#### A.    ABR Presents No New Evidence To Support Reconsideration

ABR does not contend that its motion for reconsideration is based on either an intervening change in controlling law or the need to correct clear error or prevent manifest injustice. ECF No. 334 at 1 (citing LRCi 7.3(a)). Rather, the sole basis ABR provides in support of seeking reconsideration is based on "new evidence that changes the basis for the Court's ruling." *Id.* at 1. As new evidence, ABR points to written discovery it served on November 1, 2022, in which it disclosed its intent to "rely[] solely upon its original damages model and will not be relying on the testimony of Robert Moore or Jack Thomas to establish the value of their services for purposes of arriving at a valuation of the confidential information…." *Id.* at 1. As such, by its own admission, ABR is not relying on ***new evidence*** discovered since the Court's October 18, 2022 ruling, but ***old evidence*** ABR used in support of its prior damages model based on the value of the Hovensa acquisition. *Id.* at 2 ("ABR does not make the decision ***to return to its original damages model*** lightly."); *id.* at 3 (recognizing its new discovery merely "withdrawal[s] … ABR's newest damages model.").

Because ABR's motion relies on evidence already of record prior to the Court's October 18, 2022 Order (*i.e.*, its older damages model), ABR's motion is not predicated on "new evidence" and ABR is thus not entitled to reconsideration. *See Greene*, 2012 WL ("It is well-settled that a motion for reconsideration cannot be used to introduce for the first time evidence that was previously available."). Reconsideration is not a vehicle for ABR to "simply change[] theories" before the court and expect a different result. *Prusky*, 44 F.App'x at 548 n.1.

**B.** **ABR's Second Amended Initial Disclosures and Interrogatory Responses Do Not Moot The Need For More Discovery**

ABR argues that its Second Amended Initial Disclosures (ECF No. 334-1) and Second Amended Responses to Arclight's Interrogatories 11 and 17 (ECF No. 334-2) render the Court's October 18, 2022 Order moot. Not so. ABR continues to rely on the same documentary discovery (ABRE_2 0001-0048) that it developed in connection with the withdrawn Lerman Report to now support its current damages theory. ECF No. 334-2 at 3 (citing to ABRE_2 0001-0048). That is the exact documentary discovery on which Defendants planned to depose ABR's principals prior to the October 7, 2022 deadline under the Court's Ninth Am. Scheduling Order. ECF No. 319 at 4; *see also* Oct. 4 Hr'g Tr. 55:12-16 ("We still need to ask them about all 48 pages of this information in order to understand what it is they're going to value."); *Id.* 58:24-59:3 ("There are two declarations on the back of this that we never had a chance to depose them about. The reason [ABR] agreed to the depositions in the first place was because they know that this document, these 48 pages, were not based just on a raw summary of documents."). Because ABR's interrogatory responses expressly rely on these 48 pages of documentary evidence for which Defendants have not had any opportunity to depose its principals, Defendants need for additional deposition discovery is not moot. ECF No. 314 at 4; ECF No. 276 at 1 (authorizing depositions of Messrs. Thomas and Moore on the "effort they put into developing such plans [for the acquisition and startup of the HOVENSA terminal and refinery].").

**C.** **ABR Should Voluntarily Dismiss Its Second Amended Complaint Under Fed. R. Civ. P. 41(a)**

ABR admittedly has no good faith basis to continue pursuing its case because it has no legally viable theory of damages under Court's prior decisions. ECF No. 334 at 3 ("The withdrawal of ABR's newest damages model moots the need for any further discovery and sets up a likely motion for defendants to dismiss the balance of the claim based upon the Court's earlier

rulings. So be it. ***ABR will acknowledge that based upon the Court's earlier rulings on the motions to dismiss, the Court should grant such a motion***." (emphasis added)). At this stage, ABR should not be using the Court's and party resources to burden the docket with additional motions, such as this one, but should instead stipulate to dismissal of the current claims with prejudice and end its admittedly meritless suit now.[3]

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court deny ABR's request for reconsideration.

Dated: November 15, 2022

Respectfully submitted,
New York, New York
**LATHAM & WATKINS LLP**


By: /s/ *P. Anthony Sammi*
     P. Anthony Sammi (admitted *pro hac vice*)
     Rachel Blitzer (admitted *pro hac vice*)
     1271 Avenue of the Americas
     New York, New York 10020
     Telephone:  (212) 906-1200
     Facsimile:  (212) 751-4864
     tony.sammi@lw.com
     rachel.blitzer@lw.com


**DUDLEY NEWMAN FEURZEIG LLP**


By: /s/ *Charles E. Lockwood*
     Charles E. Lockwood
     1131 King Street, Suite 204
     Christiansted, U. S. V. I. 00820-4974
     Telephone:  (340) 773-3200
     Facsimile:  (340) 773-3409

---

[3] Defendants reserve the right to seek attorneys' fees and costs based at least on ABR's maintaining of its claims after the Court limited its damages.

- 9 -

Clockwood@dnfvi.com

*Attorneys for Defendants Arclight Capital Partners, LLC & JP Energy Partners, LP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 15, 2022, copies of the foregoing were caused to be served on all counsel via email.

**ANDREW C. SIMPSON, P.C**.

Andrew C. Simpson, Esq.
VI Bar No. 451
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

Joseph P. Klock, Jr., Esq.
FBN 156678 (admitted pro hac vice)
Gabriel E. Nieto, Esq.
FBN 147559 (admitted pro hac vice)
RASCO KLOCK PEREZ NIETO
2555 Ponce De Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: 305.476.7105
Facsimile: 305.675.7707
Jklock@rascoklock.com

Attorneys for Plaintiff, Atlantic Basin
Refinery, Inc.

Dated: November 15, 2022
    New York, New York

Respectfully submitted,

**LATHAM & WATKINS LLP**

By:  /s/ *P. Anthony Sammi*
     P. Anthony Sammi (admitted *pro hac vice*)
     Rachel Blitzer (admitted *pro hac vice*)
     1271 Avenue of the Americas
     New York, New York 10020
     Telephone:  (212) 906-1200
     Facsimile:  (212) 751-4864
     tony.sammi@lw.com
     rachel.blitzer@lw.com

**DUDLEY NEWMAN FEURZEIG LLP**

By:  /s/ *Charles E. Lockwood*
     Charles E. Lockwood
     1131 King Street, Suite 204
     Christiansted, U. S. V. I. 00820-4974
     Telephone:  (340) 773-3200
     Facsimile:  (340) 773-3409
     Clockwood@dnfvi.com

     *Attorneys for Defendants Arclight Capital*
     *Partners, LLC & JP Energy Partners, LP*